(Clark County, Ohio, Probate Court.)

THE OHIO SOUTHERN RAILROAD v. AUGUST R. KLOEB.

A railroad corporation having filed its petition to condemn for its right of way five separate tracks of land belonging to as many different persons.

Held, that all the defendants were entitled to but two peremptory challenges.

ROCKEL, J.

The Ohio Southern Railroad company filed its petition in the probate court to condemn and appropriate to its use, five separate parcels of land belonging to as many different persons.

In impaneling the jury, after all challenges for cause had been made, each of the five land owners claimed the right to have separately, and not jointly two peremptory challenges.

It is insisted by each of the defendants herein that he has the right to two peremptory challenges. Some of them argue that this follows from the fact that the statute gives each a right to a separate trial, and that impaneling a jury is a part of the trial of a cause. Others ingenuously argue that section 6426 uses the words "the owners of the property which is the subject of the trial, etc.," means that it is only where there are several owners of an undivided tract of land that there is to be a right to only two peremptory challenges. And that, if the legislature would have intended to limit the right to two peremptory challenges, jointly, to all the defendants in a case like the present one, the word property, in that part of section 6426 above quoted, would have been pluralized, and it would read "the owners of the properties, etc."

In reference to the first of these claims it may be sufficient to say, that in a common law action, the impaneling of the jury is a part of the trial of a cause, but condemnation proceedings are special proceedings, and not common law actions, and are entirely governed by the statute creating them.

No doubt, there is some confusion as to the meaning of the law in its reference to separate trials, for separate landowners, etc. But it is believed to mean, and such I believe is the general practice, that one jury is to try all the cases.

The jury is to be first impaneled, each case is to be tried separately, that is, evidence is to be heard, arguments of counsel made, the jury charged by the court, and a verdict rendered on the one case then under consideration, and in like manner each case is to be proceeded with until all are heard. (See Giesy v. C. W. & R. R. 4 Ohio St., 308, 322.)

If the claim that section 6426, when it provides: that "When the jury box is filled with twelve disinterested jurors, the owners of the property which is the subject of the trial, jointly, and the petitioner shall each

have the right to two peremptory challenges, and to challenge for cause", by the use of the word"property"instead of "properties," that the right to two peremptory challenges on the part of the land owners should only be exercised jointly, when they were all tenants in common in the same tract of land sought to be appropriated, there could only be an inference that in a case like the present any peremptory challenge at all would exist for the defendants.

As before remarked, this is no common law action, and there is no such a thing as a common law or a constitutional right to any peremptory challenge.

If the statute does not provide for peremptory challenges, there are none. But it is said, suppose in this case where there are five defendants, they can't agree whom they shall challenge, would they lose their peremptory challenge? Well, I suppose they would. This might seem a hardship, and somewhat of an injustice, perhaps, but this may arise in actions at law.

Thompson on Trials, says sec. 46 : "Where several persons are joined as plaintiffs or defendants in a civil action, the general rule, arising upon the express terms and reasonable interpretation of statute, is, that the number of peremptory challenges is restricted to each aggregate party considered as a unit." That it to say, all the parties plaintiff or defendant must join in their challenge.

This rule has been applied to civil actions under the statute of Ohio., Gram v. Sampson 4 O. C. C., 490—Moores v.Buchmakers' Union 23 Bull, 48.

That the right of peremptory challenge in condemnation proceedings is one of privilege, and not one of right, is to be conclusively presumed from the fact that the act of April 30,1852, (50 vol.,201) had no provision whatever for its exercise. In commenting on this law, Judge Ranney says, "But how shall the jury be impaneled? In each case separately, or for all the cases embraced in the statement jointly? Upon this subject, the statute, like too much of our legislation, is full of doubt and obscurity. It expressly gives the right of challenge for cause to either party. The right of the owner to retain upon the panel, such members of the regular jury, as neither the company nor himself could except to, would seem to be almost equally important; but it is seriously impaired if he is bound to submit to challenge made by the owners. I am, however, inclined to think that the law subjects him to this inconvenience, and contemplates but a single jury, to be composed of those against whom no just exceptions can be alleged by any of the parties interested." Giesy v. C. W. & L. R. R.,4 Ohio St., 322.

The act of 1852 was amended by the act of April 23, 1872, 69 Ohio St., 88, in sec. 5 of which it was provided : "Each party shall be entitled to the same peremptory challenges, and challenge for cause, provided by law in other cases."

But to meet just such questions as arise in this case, this law was changed by the codifiers of 1880 into the present law. If the act of 1872 were still in force, it might be a serious question but what each defendant would be a party within the meaning of the act, and entitled to his peremptory challenges. But even if this were still the law, and the rule adopted in Gram v. Sampson, 4 O. C. C., 490, and Moores v. Brickmakers' Union, 23 Bull. 48, was applied, all the defendants herein would constitute but one party, and be entitled to but two peremptory challenges, jointly, and such has been the ruling in an appropriation proceeding by a municipal corporation. See Cincinnati v. Neff, 19 Bull., 404.

But to my mind, there is but one meaning and interpretation to be given to the present law, and that is, that all the defendants are jointly entitled to but two peremptory challenges, and no more.